UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER ORLOSKI,

    Plaintiff,

v.     Case No.: 8:17-cv-553-T-27AAS

VINCENT HOUSE, VAN GOGH'S
PALETTE, INC., LIGIA GOMEZ,
WILLIAM MCKEEVER, AND ELLIOTT
STEELE,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Defendants to Produce Documents in Response to Plaintiff's First Request for Production (Doc. 54), Plaintiff's Motion to Compel Defendants to Fully Answer Plaintiff's First Set of Interrogatories (Doc. 55), and Defendants' responses in opposition thereto (Docs. 58, 61).

**I.    BACKGROUND**

Plaintiff Christopher Orloski filed this action against Defendants Vincent House, Van Gogh's Palette, Inc., Ligia Gomez, William McKeever, and Elliott Steele, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12112, et seq ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 794 for denying his membership application to Vincent House, a non-profit organization. (Doc. 82).

In the instant motions, Plaintiff requests that the Court compel Defendants to provide better responses to certain requests for production of documents and interrogatories. (Docs. 54, 55). Defendants filed responses in opposition to Plaintiff's motions, wherein Defendants assert that

1

they oppose certain discovery requests as well as aver that proper responses to a number of requests have since been provided. (Doc. 58, 61). This matter was scheduled for oral argument to take place on October 24, 2017. (Doc. 63). Prior to the hearing, Defendants hired new counsel, who then requested (with the agreement of Plaintiff) that the hearing be cancelled so that Defendants could have "a chance to meaningfully meet and confer with Plaintiff to narrow the issues." (Docs.70, 72). The Court cancelled the hearing, and directed that the parties confer and advise the Court of the status of the motions. (Doc. 74). Thereafter, Defendants notified the Court that they had resolved several disputed discovery requests, but others remained unresolved. (Doc. 76). The Court will address the motions to compel as to the remaining, unresolved discovery requests

## II. ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides, in relevant part, that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Here, the following discovery requests and responses are still at issue: Plaintiff's First Request for Production No. 1, and Plaintiff's First Set of Interrogatories Nos. 1-3, 5, and 7.

2

### A. Request for Production

**Request for Production No. 1:** Copies of Van Gogh's Palette, Inc. Annual Reports with all financials of the organization, fiscal years 2007 through 2017, with a comprehensive estimated budget for 2017.

*Response:* Defendants object to this request as it is overbroad and not limited to the relevant time period. Defendants further objects as this request seeks information that is not reasonably related to the claims or defenses of either party. Plaintiff has filed a claim wherein he appears to allege he was improperly denied membership into Vincent House. Defendants are unsure how any information regarding the financials and 2017 budget of Van Gogh's Palette, Inc. will prove or disprove Plaintiff's allegations in this matter.

(Doc. 54-2, p. 2). Section 794 of the Rehabilitation Act prohibits discrimination against qualified individuals with a disability under any "program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Whether Defendants receive federal funding is relevant to bringing an action under the Rehabilitation Act. However, Plaintiff's request is overbroad. The relevant period is in this action is from 2015, when Plaintiff submitted his application to Vincent House, to the present. In addition, only documents that indicate whether Defendants receive federal funding are relevant to this action. Thus, Plaintiff's motion to compel is granted only to the extent that it seeks financial documentation indicating whether Defendants have received federal funding for Vincent House from the year 2015 to the present. This information, if it exists, shall be provided to Plaintiff by **November 28, 2017**. In all other respects, Plaintiff's motion is denied.

### B. Interrogatories

**Interrogatory No. 1:** Please provide Van Gogh's Palette, Inc. average staff salaries by job title, of nonexecutive staff, annually from 2007 to 2017.

*Response:* Defendants object to this request as it is overbroad, not limited to the relevant time period and seeks information that is irrelevant to Plaintiffs purported claims and not relevant to the claims or defenses of either party. Further this interrogatory is not proportional to the needs of the case. Plaintiff's sole claim appears to be that he has been denied membership into

> Vincent House based on his disability. To that end, Defendants are unsure how any information regarding the staff salaries will prove or disprove Plaintiffs claims in this matter, or how the information sought is important to resolving the issues alleged in Plaintiffs complaint. Moreover, Plaintiff submitted an incomplete application package for membership for admission into Vincent House in 2015. Even assuming the staff salaries were relevant, Defendants are unsure how any information regarding staff salaries and job titles dating back eight (8) years prior to his initial application, will prove or disprove Plaintiff's presumed claims in this matter that he was not extended membership based on his disability.

(Doc. 55-2, pp. 1-2). Plaintiff contends that this information is relevant in proving that Defendants' staff are motivated to "bully" by "executive salaries and overcompensation." (Doc. 55, p. 4). Plaintiff has brought this action in response to Vincent House denying his membership application. Plaintiff attributes the denial of his application to Defendants' mental disability discrimination. The Vincent House's staff's salary information is not relevant or proportional to the needs of this case. Therefore, Plaintiff's motion to compel as to this interrogatory is denied.

> **Interrogatory No. 2:** Please provide annual statistics, which show 2a) non-personally-identifying annual membership data including demographics, 2b) income of members at time of membership application, 2c) income of members after 1 year of clubhouse membership, 3d) tuition moneys paid, 2e) clubhouse attendance, clubhouse daily task participation, 2f) mental health diagnoses (a count of clubhouse members for each diagnoses), 2g) program success data, where program success data shows member job retention after having worked for 6 weeks, 6 months, 1 year and 5 years at a workplace external to the clubhouse.
>
> *Response:* Defendants object to this interrogatory as it seeks information that is not relevant to Plaintiff's purported claims or to the claims or defenses of either party. Further, this interrogatory is not proportional to the needs of the case. Defendants further object this request as it seeks the personal information as well as confidential medical information of non-parties to this action, specifically the interrogatory seeks information regarding members. Plaintiff's sole claim appears to be that he has been denied membership into Vincent House based on his disability. To that end, Defendants are unsure how any information regarding the income or tuition paid or mental health diagnosis or other requested information of Vincent House members will prove or disprove Plaintiffs purported claims in this matter. Defendants are further unsure how any information regarding the demographics of members will prove or disprove Plaintiff's claims in this matter. Defendants

4

> also are unsure how any information regarding program success data, as described in 2g, will assist in resolving the singular issue in this case as presented by Plaintiff, i.e., that he was denied membership based on his disability. Subject to these objections and without waiving the same, Defendants state that to be eligible for membership at Vincent House individuals must have a diagnosis of mental illness (such as bipolar disorder, major depression, schizophrenia or other related conditions), be 18 years or older; have the ability to demonstrate safe conduct; and desire to join.

(*Id.* at p. 2). Plaintiff's request is overbroad and potentially seeks the personal and confidential information of Vincent House members, who are non-parties to this action. Plaintiff's claim is that he was denied membership in Vincent House based on his mental disability. The majority of the information requested, i.e. demographics of members, their income, the amount they paid in tuition, and their success, is not relevant or proportional to the needs of to this action. However, to the extent that Vincent House has kept annual statistics as to the number of Vincent House members with mental health diagnoses from 2015 (the year Plaintiff submitted his application to Vincent House) to the present, is relevant and proportional. This limited information, if it exists and without Defendants disclosing any personal information about a specific member, shall be provided to Plaintiff by **November 28, 2017**. In all other respects, Plaintiff's motion is denied.

> **Interrogatory No. 3:** Please provide annual statistics from 2007 to 2017, 3a) which show annually how many applications for membership are received, how many are approved, how many applicants are rejected, how many applications are classified as incomplete, 3b) reasons for rejection and an annual count for each reason that an applicant is disqualified.
>
> *Response:* Defendants object to this interrogatory as it seeks information that is not relevant to Plaintiffs purported claims or to the claims or defenses of either party. Further, this interrogatory is not proportional to the needs of the case. Additionally, Defendants object as the interrogatory is overbroad and not limited to the relevant time period. Plaintiff began the application process for membership for admission into Vincent House in 2015, but never provided all of the required information requested relevant to evaluating whether or not he qualified to become a member of Vincent House. Defendants contend that the information requested is not relevant and are unsure how any information regarding other individual's applications which

5

were submitted prior to 2015 and whether they were approved or rejected and the reasons for the same, will prove or disprove Plaintiff's presumed claims in this matter that he was not extended membership based on his disability. Plaintiff appears to be alleging he was not approved for membership based on his disability. However, Plaintiff never completed the application process. To that end, the only relevant information is related to the number of applications that were received but were classified as incomplete for the period 2015- 2017. Subject to these objections and without waiving the same, Defendants do not maintain statistics regarding the information requested.

(*Id.*). The Court agrees with Defendants that the only requested statistics that are relevant and proportional to the needs of the case are the number of applications that Vincent House received but classified as incomplete from 2015 to present. Defendants state that they do not maintain these statistics. (Doc. 61, p. 5). The Court is satisfied with Defendants' response, and Plaintiff's motion is denied as to this interrogatory.

> **Interrogatory No. 5:** For 2007 to 2017 please provide the average annual salary of **executives by name** (executive director, assistant director, etc.) of Van Gogh's Palette, Inc.; and the average annual salary paid to members of the board of Van Gogh's Palette, Inc., if any.
>
> *Response:* Defendants object to this request as it is overbroad, seeks information this is not relevant to Plaintiffs purported claims or to the claims or defenses of either party. Further, this interrogatory is not proportional to the needs of the case. Defendants further object as this interrogatory seeks personal information about persons who are not even parties to this case. Plaintiff's sole claim appears to be that he has been denied membership into Vincent House based on his disability. To that end, Defendant [sic] are unsure how any information regarding the annual salaries of executives or board members will prove or disprove Plaintiffs claims in this matter. This request amounts to a fishing expedition that seeks to ultimately harass the Defendants regarding matters that are not germane to the issues presented in Plaintiff's Second Amended Complaint. Moreover, Plaintiff submitted an incomplete application package for membership for admission into Vincent House in 2015. Even assuming these salaries were relevant or proportional to the needs of the case, which they are not, Defendants are unsure how any information regarding staff salaries and job titles dating back eight (8) years prior to his initial application, will prove or disprove Plaintiffs presumed claims in this matter that he was not extended membership based on his disability.

(*Id.* at p. 4). Plaintiff contends that this information is relevant in that Defendants' executives are motivated to bully based on their salaries. (Doc. 55, p. 8). Plaintiff brought this action for discrimination based on his mental disability. The information requested is not relevant or proportional to the needs to this case. Therefore, Plaintiff's motion to compel as to this interrogatory is denied.

> **Interrogatory No. 7:** Please provide pie charts or a bar chart similar to the example below. The charts should show Van Gogh's Palette, Inc.'s annual sources of funding by funding category from 2007 to 2017; and the charts should show for each funding category the dollar amounts and percentages of the total annual income. If pie, a separate pie chart for each year. If bar, a separate bar in the bar chart for each year. Be creative. Let your artistic abilities shine.
>
> *Response:* Defendants object to this request as it is overbroad, seeks information that is not relevant to Plaintiffs purported claims or to the claims or defenses of either party. Further, this interrogatory is not proportional to the needs of the case. Plaintiff's sole claim appears to be that he was denied membership into Vincent House based on his disability. To that end, Defendant is unsure how any information regarding funding sources, the dollar amounts and percentages of total annual income will prove or disprove Plaintiffs claims in this matter. This request amounts to a fishing expedition that seeks to ultimately harass the Defendants regarding matters that are not germane to the issues presented in Plaintiffs Second Amended Complaint. Moreover, Plaintiff submitted an incomplete application package for membership for admission into Vincent House in 2015. Even assuming funding sources were relevant to the claims and/or defenses in this matter, Defendants are unsure why any information regarding funding sources prior to 2015 would be relevant to Plaintiffs purported claims. Defendants Gomez, McKeever and Steele object to this information as they do not have "annual sources of funding" and are unable to respond to this interrogatory. Subject to these objections and without waiving the same, a list of major funders can be found on Vincent House's website: http://vincenthouse.org.

(Doc. 55-2, p. 5). Section 794 of the Rehabilitation Act prohibits discrimination against qualified individuals with a disability under any "program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Whether Defendants receive federal funding is relevant to bringing an action under the Rehabilitation Act. However, Plaintiff's interrogatory is overbroad. The relevant period

7

is in this action is from 2015, when Plaintiff submitted his application to Vincent House, to the present. In addition, only information pertaining to whether Defendants receives federal funding is relevant to this action. Thus, Plaintiff's motion to compel is granted only to the extent that Plaintiff seeks an interrogatory response disclosing whether Defendants received federal funding for Vincent House from the year 2015 to the present. This information can be provided in any format Defendants deem appropriate and in compliance with their obligations pursuant to Rule 33. Defendants shall provide their amended interrogatory response to Plaintiff by **November 28, 2017**. In all other respects, Plaintiff's motion is denied.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel Defendants to Produce Documents in Response to Plaintiff's First Request for Production (Doc. 54) and Plaintiff's Motion to Compel Defendants to Fully Answer Plaintiff's First Set of Interrogatories (Doc. 55) are **GRANTED in part and DENIED in part** as provided herein.

**DONE AND ORDERED** in Tampa, Florida on this 9th day of November, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge